# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| BMO HARRIS BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 6:18-cv-00001-LSC |
| | ) | |
| SPENCER TRANSPORTATION | ) | |
| LLC, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

Before the Court is Spencer Transportation, LLC ("Spencer") and Dwayne
Haney's ("Haney") (collectively "Defendants") Motion to Dismiss for Lack of
Subject Matter Jurisdiction. (Doc. 6.) Plaintiff BMO Harris Bank, N.A.
("Plaintiff" or "BMO"), has timely filed a response. (Doc. 8.) For the reasons
stated below, Defendants' motion is due to be DENIED.

## I.    BACKGROUND[1]

---

[1]   At the motion to dismiss stage, the Court must accept the plaintiff's version of the facts as
true, and construe "the reasonable inferences therefrom . . . in the light most favorable to the
plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citing *Hawthorne
v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).  The following facts are, therefore,

This case arises out of an alleged breach of a Contract and Guaranty. On January 9, 2015, Spencer Transportation entered into a Loan and Security Agreement ("the Agreement") with non-party General Electric Capital Corporation ("GECC") wherein GECC financed Spencer's purchase of a 2014 Volvo tractor trailer (the "Collateral"). Pursuant to the Agreement, GECC lent Spencer a principal amount of $144,391.80. Upon GECC financing of the purchase, Spencer began making monthly payments to GECC. To provide additional security to GECC, Haney executed a Continuing Guaranty whereby he agreed to be jointly and severally liable to GECC for Spencer's obligations under the Agreement. GECC perfected its security interest in the Collateral. On December 1, 2015, GE Capital US Holdings, Inc., as a successor in interest to GECC, assigned all of its rights, title and interest in the Agreement to BMO.

In August of 2016, Spencer defaulted under the Agreement by failing to pay amounts owed. The Agreement contains an acceleration clause and despite demands, Spencer failed to cure the default. In addition, bankruptcy is listed in the Agreement as an event of default, and in January of 2017, Spencer defaulted by

taken from the allegations contained in Plaintiff's Complaint, and the Court makes no ruling on their veracity.

filing for bankruptcy under Chapter 11 in the Northern District of Alabama. (*See* Doc. 1-5.) During the bankruptcy case, Spencer made one adequate protection payment of $2,835.76. The bankruptcy case was dismissed in October of 2017, without confirming a plan of reorganization.

In the Complaint, BMO avers that as of December 14, 2017, Spencer is indebted to it under the Agreement in the total amount of $106,643.74, calculated as follows:

> Principal Balance: $85,898.84
> Interest: $21,131.11
> Late Charges: $2,406.60
> Adequate Protection
> Payment from bankruptcy
> proceeding: ($2,835.76)
>
> _____
> **Total**: **$106,643.74**

They also averred that "[i]nterest continues to accrue under the Agreement in amount of $42.95 per day." (Doc. 1 at 5.)

## II. STANDARD

This Court, like all federal courts, is a court "of limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject

matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016); *See* 28 U.S.C. § 1332(a) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). Plaintiff asserts that this Court has diversity jurisdiction over this matter. "In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing § 1332). "Generally, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

In order to exercise jurisdiction over this action pursuant to § 1332(a), this Court must assure itself that the parties are completely diverse and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g.*, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The party seeking

federal jurisdiction must prove the requirements of such jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

## III.   DISCUSSION

Here, though it is not disputed, the Court will briefly provide an analysis of the complete diversity among the parties. Plaintiff is a national banking association with its main office in Chicago, Cook County, Illinois. Defendant Spencer is a limited liability company. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). BMO alleged in its complaint, and Defendants do not contest, that Spencer is made up of only one member, Dwayne Haney, whose street address is in Guin, Alabama. Dwayne Haney is also a named defendant. "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, (1989); *see also Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005). The Court is satisfied that Haney is domiciled in Alabama, therefore his citizenship is also diverse from that of BMO. As such, Spencer is also a citizen of

Alabama. Therefore, complete diversity exists, leaving only the amount in controversy to be evaluated.

The sufficiency of the amount in controversy is measured at the time the complaint is filed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 293 (1938) (amount in controversy is judged at the time of filing; subsequent events will defeat jurisdiction only if they show the plaintiff lacked good faith in claiming the higher amount at the time of filing); *see also Travelers Ins. Co. v. Greenfield*, 154 F.2d 950, 952 (5th Cir. 1946). BMO averred the Defendants are indebted under the agreements in the total amount of $106,643.74, including the principal amount of $85,898.84. (Doc. 1 ¶¶ 10, 26.) The amount in controversy thus exceeds the jurisdictional amount by over $10,000—exclusive of interest and costs.

Defendants argue, without reference to any statute or case law, that the amount in controversy in this case would be less than $100,000 if the alleged value of unliquidated collateral is credited to the amount due, and additionally that the fair market value of the Collateral should be deducted from the amount in controversy. Failure to cite authority waives an argument. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (citing *Flanigan's Enters., Inc. v.*

*Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument)).

In sum, facts alleged in the Complaint, considered along with the accompanying attachments, are sufficient to demonstrate that the requisite amount in controversy of more than $75,000 exclusive of interest and costs required for federal diversity jurisdiction has been met. As such, this Court has subject matter jurisdiction over the action.

## IV. CONCLUSION

For the reasons state above, Defendants' motion is due to be DENIED. An order consistent with Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on March 22, 2018.

                           L. Scott Coogler
                  United States District Judge

190685